UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES YANCEY, et al., | : |
|       Plaintiffs | : |
| | : |
|     v. | : CIVIL NO. 3:CV-07-1675 |
| | : |
| THOMAS CORBETT, | : (Judge Kosik) |
|       Defendant | : |

# ORDER

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This action was commenced on September 13, 2007, by a host of prisoners housed within various Pennsylvania Department of Corrections facilities, including the State Correctional Institutions at Camp Hill and Retreat.  They all appeared to be serving life or otherwise lengthy sentences.  In the complaint, Plaintiffs state that they do not challenge the fact or duration of their confinement, but rather that they file the action pursuant to 42 U.S.C. § 1983 in an attempt to challenge the constitutionality of the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9545(b)(1) and (b)(2), on numerous grounds. Named as the sole Defendant is Thomas W. Corbett, Attorney General for the Commonwealth of Pennsylvania.

On April 10, 2008, the court issued a Memorandum and Order denying Plaintiffs' request for class certification and dismissing from this action without prejudice all Plaintiffs, with the exception of Bruce Keleman.  (Doc. 118.)  In addition, all

Administrative Orders previously issued with regard to the dismissed Plaintiffs were vacated and any monies withdrawn from the accounts of said Plaintiffs directed to be refunded. Keleman was directed to file an amended complaint in this action within fifteen (15) days which complied with Federal Rule of Civil Procedure 8 and set forth allegations as to how his constitutional rights were violated.

The amended complaint submitted by Keleman, the sole remaining plaintiff in this action, is presently before the court for screening. While not a model of clarity, the complaint appears to allege that the jurisdictional time-bar in §§ 9545(b)(1) and (b)(2): (1) "discriminates between prisoners of wealth and means versus prisoners like himself who are mentally and physically handicapped"; (2) violates the Americans With Disabilities Act; (3) violates the Ex Post Facto Clause; and (4) violates the Pennsylvania Constitution. Keleman, as a deaf mute, seeks declaratory and injunctive relief in the form of an Order declaring that the jurisdictional time-bar in the PCRA is unconstitutional overall or as applied to his case. Service of the amended complaint and the court's order of April 10, 2008, will be directed.

Also pending is Keleman's motion for counsel.[1] (Doc. 22.) In the motion he contends that he is an American with Disabilities as defined 42 U.S.C. § 12101 et seq., who has been a deaf mute since birth. He claims that without an interpreter to assist him,

---

[1] The motion was originally presented on behalf of Keleman and James Yancey. Since Yancey has been dismissed from this action, the court will only address the arguments in the motion pertaining to Keleman.

2

his ability to communicate and present his claims in this action are non-existent. He also claims that the difficulty of the issues is beyond his and the prison paralegal's abilities.

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In addition, a weighing of the other pertinent factors play in to the determination as to whether counsel should be appointed. Those factors are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3

> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

The court is sympathetic to Plaintiff's disability. The case is still at an early stage and so far Plaintiff has shown every sign that he is fully capable of litigating this case on his own. He has responded successfully to the court's order to file an amended complaint and has submitted filings which are both literate and comprehensible. He also appears to indicate that he currently has assistance with the preparation of his legal filings from a prison paralegal. To the extent he expresses concern that he would be unable to litigate this case further down the road due to his disability, any such concerns are premature at this stage. For all of these reasons, the motion for appointment of counsel will be denied without prejudice at this time. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

**ACCORDINGLY, THIS 13th DAY OF AUGUST, 2008, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for counsel (Doc. 24) is **denied without prejudice**.

2. The United States Marshal is directed to serve Plaintiff's amended complaint (Doc. 128) and a copy of this court's Memorandum and Order of April 10, 2008 (Doc. 118) on the Defendant named in the amended complaint.

*s/EDWIN M. KOSIK*
United States District Judge